IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| RICHARD H. REITER, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 12-0595-CV-W-DPR-SSA |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security,[1] | ) ) ) ) |
| Defendant. | ) ) |

## MEMORANDUM AND ORDER

An Administrative Law Judge ("ALJ") denied Social Security Disability Insurance Benefits and Supplemental Security Income to Plaintiff Richard H. Reiter in a decision dated September 2, 2008 (Tr. 27-35). The Appeals Counsel denied review. Thus, the ALJ's decision became the Commissioner of Social Security's final decision denying Social Security Disability benefits. *See* 42 U.S.C. § 405(g); 20 C.F.R. § 416.1481. For the reasons set forth below, the decision of the Commissioner of Social Security is **REVERSED and REMANDED** for further evaluation consistent with this opinion.

### BACKGROUND

The operative facts and arguments are presented in the parties' briefs and will be duplicated here only to the extent necessary. Based on the evidence presented in the record and the hearing testimony of the claimant, the ALJ determined that Reiter suffered from the severe impairments of heart disease, peripheral neuropathy; hypertension; and diabetes mellitus type II.

---

[1] Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013. Pursuant to Fed. R. Civ. P. 25(d), Carolyn W. Colvin is substituted for Michael J. Astrue as defendant in this suit.

The ALJ found, however, that none of Reiter's impairments met or medically equaled a listing. The ALJ determined that Reiter retained the physical Residual Functional Capacity (RFC) to perform the full range of medium exertional work, meaning he could occasionally lift and carry 50 pounds and frequently lift and carry 25 pounds; occasionally climb, balance, stoop, kneel, crouch, and crawl; but should avoid climbing ladders, ropes, or scaffolds; and avoid working at unprotected heights or around hazardous machinery. The ALJ found that the claimant suffered from pain in his wrists, hands, feet, ankles, and chest, but the pain was well-controlled with medication. In determining the claimant's RFC, the ALJ found Reiter's subjective complaints not credible. The ALJ accorded "evidentiary weight" to the state agency functional capacity assessment. Based on the RFC, the ALJ found that Reiter was capable of performing his past relevant work as a quality control supervisor. Thus, the ALJ found that Reiter had not been under a disability as defined in the Social Security Act (Tr. 27-35).

## LEGAL STANDARDS

Judicial review of a denial of disability benefits is limited to whether there is substantial evidence on the record as a whole to support the Social Security Administration's decision. 42 U.S.C. § 405(g); *Minor v. Astrue*, 574 F.3d 625, 627 (8th Cir. 2009). Substantial evidence is "'such evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison Co. V. NLRB*, 305 U.S. 197, 229 (1938)). "Substantial evidence on the record as a whole," however, requires a more exacting analysis, which also takes into account "whatever in the record fairly detracts from its weight." *Minor*, 574 F.3d at 627 (quoting *Wilson v. Sullivan*, 886 F.2d 172, 175 (8th Cir. 1989)). Thus, where it is possible to draw two inconsistent conclusions from the evidence, and one conclusion represents the ALJ's findings, a court must affirm the decision.

*See Robinson v. Sullivan*, 956 F.2d 836, 838 (8th Cir. 1992) (citing *Cruse v. Bowen*, 867 F.2d 1183, 1184 (8th Cir. 1989)). In other words, a court should not disturb an ALJ's denial of benefits if the decision "falls within the available zone of choice." *Buckner v. Astrue*, 646 F.3d 549, 556 (8th Cir. 2011). A decision may fall within the "zone of choice" even where the court "might have reached a different conclusion had [the court] been the initial finder of fact." *Id.* (quoting *Bradley v. Astrue*, 528 F.3d 1113, 1115 (8th Cir. 2008)). A reviewing court is directed to "defer heavily to the findings and conclusions" of the Social Security Administration. *Howard v. Massanari*, 255 F.3d 577, 581 (8th Cir. 2001).

## ANALYSIS

In this appeal, Reiter argues that the ALJ's opinion was not based upon substantial evidence on the record as a whole, in that he committed reversible error by giving weight to a non-physician state agency single decisionmaker in assessing Reiter's RFC, and finding Reiter was capable of performing his past relevant work.

Generally, the claimant is responsible for providing the evidence the agency will use in determining an individual's RFC. The agency, however, is tasked with developing a claimant's complete medical history and arranging for consultative examinations if necessary. 20 C.F.R. § 404.1545. Indeed, it is the duty of an ALJ to "fully and fairly" develop the record. *Nevland v. Apfel*, 204 F.3d 853, 857 (8th Cir. 2000) (citing *Warner v. Heckler*, 722 F.2d 428, 431 (8th Cir. 1983)). Moreover, an individual's RFC is a "medical question" that must be supported by some evidence from a medical professional. *Hutsell v. Massanari*, 259 F.3d 707, 711 (8th Cir. 2001) (citing *Lauer v. Apfel*, 245 F.3d 700, 704 (8th Cir. 2001)). To properly assess a claimant's RFC, the ALJ "should obtain medical evidence that addresses the claimant's ability to function in the workplace." *Hutsell*, 259 F.3d at 712. The assessment of a

3

state-level single decisionmaker is not a medical opinion. *See Reichenback v. Astrue*, 2012 WL 4049009 *9 (E.D. Mo. September 13, 2012).

Here, the only opinion appearing in the record regarding Plaintiff's physical abilities is that of a single decisionmaker at the state level, A. Reynolds, who is not a physician (Tr. 255-60). The record contains progress notes of the physicians who treated Plaintiff for his heart condition, hypertension, and diabetes, and results of laboratory and diagnostic tests. But, the only opinion regarding the claimant's physical abilities is that prepared by Reynolds. As stated above, that assessment is not a medical opinion. An RFC calculation *must* be supported by some medical evidence. Aside from Reynolds' assessment, the record contains no medical opinions regarding the claimant's physical limitations. The medical records and test results that do appear in the record do not address Reiter's ability to function in the workplace. The ALJ was under a duty to fully develop the record so it contained the opinions necessary to properly determine the claimant's RFC. The ALJ could have sought the opinion of one of the claimant's treating physicians as to Reiter's functional limitations, or could have ordered an examination and functional assessment by a consulting physician. It was error for him to determine the claimant's physical RFC without a supporting medical opinion or at the very least with medical evidence that addressed Reiter's ability to work. Furthermore, even if the state agency evaluation were a medical record the ALJ could properly consider in calculating RFC, it would not support the ALJ's RFC determination because the state agency determined Reiter was capable of only light work, and the ALJ found Reiter could perform the full range of medium exertional activity.

Because the ALJ's RFC calculation is not supported by any evidence regarding Reiter's

functional abilities, the Court remands the case to the Commissioner for expansion of the record to include the opinion(s) of medical sources as to Plaintiff's physical RFC, and for subsequent recalculation of Plaintiff's RFC.  As a result, the ALJ will also be required to reconsider his determination that Reiter is capable of performing his past relevant work.

## CONCLUSION

Based upon a thorough review of the record, the Court finds the ALJ's physical RFC calculation is not supported by substantial evidence on the record as a whole.  Accordingly, the decision of the Commissioner of Social Security should be reversed.

**IT IS THEREFORE ORDERED** that the decision of the Commissioner of Social Security is **REVERSED AND REMANDED** for further development of the record consistent with this opinion and reassessment of the claimant's physical RFC.

**IT IS SO ORDERED.**

**DATED:  July 22, 2013**

　　　　　　　　　　　　　　　　　　　　　 /s/ *David P. Rush*
　　　　　　　　　　　　　　　　　　　　　**DAVID P. RUSH**
　　　　　　　　　　　　　　　　　　　　　**United States Magistrate Judge**